NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3117-15T4

ORAINE BROWN,

 Plaintiff-Appellant,

v.

FLORHAM PARK POLICE
DEPARTMENT and FAIRLEIGH
DICKINSON UNIVERSITY (MADISON),

 Defendants-Respondents.
______________________________________________

 Submitted May 16, 2017 – Decided July 13, 2017

 Before Judges Suter and Grall.

 On appeal from the Superior Court of New
 Jersey, Law Division, Morris County, Docket
 No. L-2642-15.

 Oraine Brown, appellant pro se.

 Johnson & Johnson, attorneys for respondent
 Florham Park Police Department (William G.
 Johnson, of counsel and on the brief).

 Walsh Pizzi O'Reilly Falanga, LLP, attorneys
 for respondent Fairleigh Dickinson
 University (Peter J. Pizzi and Sydney J.
 Darling, of counsel and on the brief).

PER CURIAM
 On November 4, 2015, plaintiff Oraine Brown filed a

complaint alleging that Fairleigh Dickinson University

(University) and the Florham Park Police Department (Department)

violated his constitutional rights and "broke many laws." The

complaint includes allegations but did not assert any specific

cause of action. He alleged the University had surveillance

cameras that recorded activity on the campus and gave the

recording to the Department in connection with an investigation

of an alleged robbery, despite the fact that the Department had

not obtained a warrant. He alleged that the Department

fabricated and altered evidence, coerced the victim, lied and

intimidated witnesses.

 Both defendants filed motions to dismiss for failure to

state a claim pursuant to Rule 4:6-2(e). Plaintiff did not file

a brief in opposition, but he appeared on the return date and

was heard.

 Following argument, which included but was not limited to

argument on defendants' claims that plaintiff filed the

complaint beyond the statute of limitations, the judge dismissed

plaintiff's claims on grounds other than the limitations period.

The judge dismissed claims against the University on the ground

that it was not acting under the color of law as required by the

New Jersey Civil Rights Act, N.J.S.A. 10:6-2, and by 42 U.S.C. §

 2 A-3117-15T4
1983. The judge dismissed plaintiff's claims against the

Department for failure to file a notice of claim as required by

N.J.S.A. 59:8-1 to -11.

 On this appeal defendant contends that the judge "abused

her discretion by dismissing [his] suit based on the [statute]

of limitations without first having a discovery rule hearing."

In his reply brief, plaintiff acknowledges his claim accrued on

January 14, 2014,1 and his failure to apply for leave file a late

notice of claim. He asserts that his delay "was due to the fact

that [he] was fighting two criminal charges one in Morris and

the other in Union [C]ounty."2

 We affirm the order of dismissal. Plaintiff's arguments

regarding the statute of limitations are immaterial, because the

judge did not dismiss his complaint on that ground. Plaintiff's

explanation for failure to file a notice of claim within ninety

1
 An order entered on January 14, 2014 in a prosecution under
Morris County Indictment No. 13-09-1139, grants plaintiff leave
to represent himself in that proceeding. During oral argument
on the motion in the trial court, and in his reply brief on this
appeal, plaintiff asserts that entry of the January 14, 2014
order gave him access to the information about defendants'
wrongs.
2
 Plaintiff does not argue the notice of claim provision is
inapplicable to any claim he would assert against the
Department. See Fuchilla v. Layman, 109 N.J. 319, 331 (1988)
(holding the notice provisions do not apply to claims asserted
under § 1983).

 3 A-3117-15T4
days of January 14, 2014, has insufficient merit to warrant

discussion beyond a citation to N.J.S.A. 59:8-9, which requires

a filing within one year of accrual and a showing of

"extraordinary circumstances." Moreover, this court generally

declines to consider arguments not raised in the trial court or

arguments raised for the first time on appeal in a reply brief.

See, e.g., In re Bell Atlantic-New Jersey, Inc., 342 N.J. Super.

439, 442-43 (App. Div. 2001). Having reviewed the record and

materials submitted on appeal, we discern no reason to deviate

from our general practice in this case.

 Affirmed.

 4 A-3117-15T4